UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
97-CR-99(03)(JMR/RLE)

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Benjamin Matthew Logan ) | |
| ) | |

Petitioner asks the Court to modify his sentence, purportedly pursuant to 18 U.S.C. § 3582(c)(2), claiming United States Sentencing Guideline Amendment 599 applies to his offenses. Petitioner's claim fails.

I. Background

On June 23, 1992, two Minnesota gun shop employees were killed in cold blood by petitioner and a co-defendant. After taking more than 80 guns from the gun shop, the weapons were transported - as part of a multi-state gun trafficking conspiracy - from Minnesota to Chicago, Illinois. Many of the firearms wound up in the hands of Chicago street gang members. The conspiracy ended shortly after the robbery and murders, when petitioner and two co-defendants were arrested in Chicago in possession of some of the stolen firearms. The facts are fully detailed in the Eighth Circuit Court of Appeals opinions affirming petitioner's conviction and sentence, and reported at United States v. Logan, 210 F.3d 820 (8th Cir. 2000) (en banc), cert. denied., 531 U.S. 1053 (2000), and United States v. Al-Muqsit, 191 F.3d 928 (8th Cir. 1999) (vacated in part).

A.  The Sentencing Calculus

On February 5, 1998, petitioner was convicted by a federal jury of: Count 1, conspiracy to obtain firearms in Minnesota and redistribute them in Chicago, in violation of 18 U.S.C. § 371; Count 2, armed robbery of a gun store, in violation of 18 U.S.C. § 1951; Count 3, use/carry of a firearm in a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2; Count 33, unlicensed dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(d) and 2; and Count 34, transport/receipt of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2. The cumulative statutory maximum for these offenses was 45 years imprisonment.  This included a mandatory 5 year consecutive sentence for Count 3, pursuant to 18 U.S.C. 924(c).

A presentence investigation report ("PSR") was prepared by the United States Probation Office, calculating petitioner's guideline range under the United States Sentencing Guidelines ("U.S.S.G."). The guideline calculations exclude Count 3, pursuant to U.S.S.G. § 3D1.1(b)(1), because Count 3 requires a 5 year consecutive term of imprisonment.  See 18 U.S.C. § 924(c)(1)(A)(I); PSR ¶ 29.  The remaining counts are grouped together under § 3D1.2(b) because they involve the same victim or society harm, and 2 or more acts connected by a common criminal objective.  PSR ¶ 33.  Under § 3D1.3(a), the offense level for grouped counts is determined by calculating the offense level applicable to each individual count,

and then applying the highest of those levels to the group.

The applicable guideline for the firearm transactions (Counts 33 and 34) and conspiracy to trade firearms (Count 1) is § 2K2.1. Under § 2K2.1(c)(1)(B), however, if the firearm at issue is used and possessed in connection with the commission of another offense that resulted in death, the most analogous offense guideline to that offense applies.  The most analogous offense guideline in petitioner's case is § 2A1.1, first-degree murder, with a base offense level of 43.  See PSR ¶¶ 30-31.

The applicable guideline for the robbery offense (Count 2) is found in § 2B3.1. Like the firearm transactions, though, the robbery guideline cross-references to § 2A1.1 if a victim was killed under circumstances that would constitute murder. § 2B3.1(c)(1).  Thus, the base offense level for the robbery is 43.  § 2A1.1; see PSR ¶ 32.  Given that the highest offense level for the individual counts is 43, the base offense level for the grouped counts is 43.  PSR ¶ 34.

Petitioner came before the Court for sentencing on July 10, 1998.  Petitioner did not object to the application of the guidelines set forth above.[1]  The Court adopted those calculations;

---

[1] Petitioner objected to U.S.S.G. § 5G1.2, which mandates that the terms of imprisonment for each count be imposed consecutive to one another because the guideline sentence is higher than the statutory maximum for any individual count.  The Court rejected petitioner's argument that this provision is unconstitutional.

3

no enhancements or adjustments were applied.[2]  Based on a total offense level of 43 and a criminal history category of I, the guidelines called for life imprisonment.  The guideline sentence exceeded the statutory maximum.  As a result, the Court sentenced petitioner to 45 years, the maximum permitted under the law.

Petitioner's conviction and sentence were affirmed in all respects.  See Logan, 210 F.3d at 820; Al-Muqsit, 191 F.3d at 928.  His habeas petition and attempts to file successive habeas petitions were each denied (Docket Nos. 380, 385, 387, 388, and 390).

### B. Guideline Amendment 599

In 2000, the United States Sentencing Commission amended the Application Notes for U.S.S.G. § 2K2.4, the section applicable to petitioner's Count 3, use of a firearm in a crime of violence, in violation of § 924(c).  Amendment 599 provides:

> [i]f a sentence under [§ 2K2.4] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

U.S.S.G. Manual, Supp. to App. C at 71 (2001); see also U.S.S.G. § 2K2.4, application note 4.

Essentially, Amendment 599 specifies that when a defendant receives a separate penalty for use of a firearm, that same firearm

---

[2] The Court found petitioner had perjured himself in his trial testimony, but declined to apply the 2-point enhancement recommended in the PSR for obstruction of justice.  See PSR ¶ 38.

should not factor into the total offense calculation level for the underlying offense. See United States v. Friend, 303 F.3d 921, 922 (8th Cir. 2002). Thus, the Amendment prevents double counting the firearm by barring application of the weapons enhancement normally applied to a crime of violence or drug trafficking offense. Id.

Petitioner now claims his sentence should be modified in light of Amendment 599. He contends he received a weapons enhancement for his underlying robbery and firearm transaction offenses in contravention of Amendment 599, and that, absent that enhancement, his total offense level should be no higher than 32. He asks the Court to find the guideline range to be no greater than 121 to 151 months, and to resentence him accordingly.

II. Discussion

The Court finds Amendment 599 does not apply in case. As a result, it does not serve to modify petitioner's sentence. This is because no weapons enhancement was applied to petitioner's guideline calculation.

Amendment 599 is an application note to § 2K2.4, the applicable guideline for a violation of 18 U.S.C. § 924(c). Its prohibition against double-counting a violation of § 924(c) as both a separate offense and an enhancement to an underlying offense simply does not apply here. See Friend, 303 F.3d at 922. Neither the robbery nor firearm transaction guideline calculations included an enhancement for use of a firearm, as is contemplated in

5

Amendment 599.

The base offense level of 43, applicable to both the firearm transaction and robbery counts, was determined based on cross-references within the applicable guidelines to the first-degree murder guideline found in § 2A1.1. The guideline for the robbery count cross-references to first-degree murder if, in the course of the robbery, a victim was killed under circumstances akin to murder. § 2B3.1(c)(1). Petitioner's robbery conviction involved the killing of two innocent victims. In such a case, the guidelines mandate an offense level of 43. Use of a weapon was not a factor in the calculation of the robbery offense guideline.

Likewise, the guideline for the illegal transaction of a firearm, a violation of 18 U.S.C. § 924(a), cross-references to first-degree murder if the firearm was used or possessed in connection with the commission of a murder. § 2K2.1(c)(1)(B). In this case, where petitioner was found guilty of a robbery where two gun store employees were murdered in his quest to obtain firearms to sell in Chicago, the cross-reference to murder certainly applies.

The firearm transaction offense necessarily involves a firearm, of course, but as a violation of § 924(a), not 924(c). Petitioner was convicted separately for violations of both §§ 924(a) and 924(c). The cross-reference to murder for his violation of § 924(a) was based not on the use of a firearm, but on the death

that resulted from petitioner's criminal activity.  Petitioner's guidelines were correctly calculated.

Based on its determination that Amendment 599 does not affect petitioner's guidelines, the Court finds petitioner is not entitled to resentencing under 18 U.S.C. § 3582.

III. <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1.   Petitioner's motion for modification of his sentence pursuant to 18 U.S.C. § 3582 [Docket No. 391] is denied.

2.   Petitioner's motion for conditional release pending final disposition of his § 3582 motion [Docket No. 396] is denied, as moot.

Dated:  June 30th, 2008

                         s/ James M. Rosenbaum
                         JAMES M. ROSENBAUM
                         United States District Chief Judge