UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 97-CR-0099(3) (PJS/RLE) |
| Plaintiff, | |
| v. | ORDER |
| BENJAMIN MATTHEW LOGAN, | |
| Defendant. | |

Defendant Benjamin Logan is serving a 540-month sentence after being convicted of multiple crimes arising out of his involvement in a multi-state gun-trafficking conspiracy and his participation in the robbery of a gun shop during which two employees were murdered.  This matter is before the Court on Logan's motion for release under 18 U.S.C. § 3582(c)(1)(A)(i), under which a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction[.]"

Section 3582(c)(1)(A) permits a defendant to move for a sentence reduction, but only after first submitting a request to the Bureau of Prisons ("BOP") to bring a motion for release on his behalf and giving the BOP an opportunity to act on his request. Specifically, a defendant may move for a sentence reduction only "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Logan has submitted a letter addressed to the warden of his facility and dated February 15, 2020.  ECF No. 415-1.  Logan apparently contends that he submitted this letter to the warden, as he says that he has not received a response.  ECF No. 415-2.  The government avers, however, that the Bureau of Prisons has no record of receiving Logan's letter.  ECF No. 416 at 5.  It therefore appears that Logan's motion must be denied for failure to exhaust.

Even assuming that Logan did, in fact, exhaust his administrative remedies, the Court would deny his motion on the merits.  Under § 3582(c)(1)(A), a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission[.]"  Under the sentencing guidelines promulgated by the Sentencing Commission, "extraordinary and compelling reasons" for a reduction include such circumstances as serious health conditions, advanced age and relative length of remaining sentence, and the death or incapacity of the caregiver of the defendant's minor children.  U.S.S.G. § 1B1.13, application notes.

Logan does not point to any such circumstances.  Instead, he contends that his sentence is illegal and that his multiple attempts to challenge it through other procedural mechanisms have failed.  Section 3582(c)(1)(A), however, is not intended to

serve as a vehicle to challenge the validity of a conviction or sentence.  *See United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019) ("§ 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity.").

Logan also states that he has done well in prison, with a solid work history, participation in educational and other programming, and no disciplinary record. Logan's efforts at rehabilitation are commendable, but they cannot by themselves justify release under § 3582(c)(1)(A).  *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  Logan's motion for release is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for release [ECF No. 415] is DENIED.

Dated:  May 6, 2020                                         s/Patrick J. Schiltz
                                                                           Patrick J. Schiltz
                                                                           United States District Judge